UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM CURRY, JR., <br><br> Plaintiff, <br><br> v. <br><br> WALTER WEINBERG and DREW SUM, <br><br> Defendants. | No. C11-5019 RBL/KLS <br><br> ORDER TO AMEND OR SHOW CAUSE |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff William Curry, Jr. is a civilly detained at the Special Commitment Center. Plaintiff has been granted *in forma pauperis* status. ECF No. 4.

Presently before the court for review is Plaintiff's proposed civil rights complaint in which he purports to sue Walter Weinberg and Drew Sum. ECF No. 5. Plaintiff's complaint is 25 pages long and is filled with conclusory statements that these individuals violated his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments. Plaintiff's complaint, however, is completely devoid of any factual allegations to support his claims. For example, under the heading "Statement of Facts," Plaintiff states that he has "been deprived of meaningful access to court to challenge violations of his Constitutional rights"; "has been retaliated against and harass [sic] because of his exercise of his right to the courts"; that Defendants Weinberg and Sum "committed numerous violations," violated his "protections of lawful expression," "conspired to

ORDER - 1

violate his constitutional rights," and "deliberately and selectively deny ordering services to Plaintiff a member of a disfavored minority." ECF No. 5, p. 6. Plaintiff also alleges that Defendants kept him from ordering legal books and other materials to assist in his defense. *Id.*, p. 14. Here again, however, he fails to provide any factual basis for this allegation.

## DISCUSSION

A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief form a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.§ 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing that the complaint be served pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez,* 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim"); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim

ORDER - 2

upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. Although complaints are to be liberally construed in a plaintiff's favour, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987). Accordingly, while the court finds that dismissal of Plaintiff's complaint is proper, the court is issuing this order to show cause to give Plaintiff an opportunity to file a response or amend his complaint.

Rule 8(a) (2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ----, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

ORDER - 3

raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L.Ed.2d 338 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L.Ed.2d 404 (1969).

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed.2d 561 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

In an amended complaint, Plaintiff must allege facts demonstrating how the specific acts and conditions complained of have resulted in a deprivation of his federal constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir.1980).  An amended complaint must also allege in specific terms how each named defendant was involved in the deprivation of rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *See Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct.

ORDER - 4

598, 46 L.Ed.2d 561 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).  Vague and conclusory allegations of official participation in civil rights violations will not suffice.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).

Plaintiff shall present his amended complaint **on the form provided by the court**, setting forth all of his factual claims, causes of action and claims for relief.  Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1)   the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)   the dates on which the conduct of each Defendant allegedly took place; and

(3)   the specific conduct or action Plaintiff alleges is unconstitutional.

In pleading the specific conduct or action that Plaintiff alleges is unconstitutional, it is not enough for example to allege that a defendant kept him from ordering legal books and materials.  Plaintiff must allege which defendant, what legal books and materials, and when the conduct occurred.  In other words, Plaintiff must include a short description of the event that he claims gives rise to the constitutional violation.

An amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior

ORDER - 5

complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights. The court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **February 25, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915. **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

Dated this   26th   day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6